

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00213-CR
No. 07-22-00214-CR
No. 07-22-00215-CR

JUSTIN DUNWAY FRIAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 452nd District Court
McCulloch County, Texas
Trial Court Nos. 6707, 6708, & 6709; Honorable Robert R. Hofmann, Presiding

February 1, 2023

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Justin Dunway Friar, appeals[1] his convictions for aggravated assault on a public servant,[2] evading arrest or detention with a motor vehicle,[3] and unlawful

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalizations efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B).

[3] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

possession of a firearm.[4]  Appellant is represented by appointed counsel, John Matthews. On January 26, 2023, D. Rudolph Taylor, Jr., filed a motion seeking to substitute as Appellant's counsel in each appeal.  The motion provides that Appellant's family hired Taylor to represent Appellant and that Taylor has been unable to communicate with Matthews.

The trial court has responsibility for appointing counsel to represent indigent defendants in criminal cases, as well as the authority to relieve or replace appointed counsel.  TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(j)(2).  We, thus, abate the appeals and remand the causes to the trial court to rule on the motion to substitute Appellant's counsel.  Upon remand, the trial court shall determine (1) whether Appellant still desires to prosecute the appeals; (2) whether Appellant has retained counsel to prosecute the appeals; (3) if so, whether Appellant remains indigent and entitled to appointed counsel; and (4) whether to dismiss appointed counsel.  See TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04(j)(2).

The trial court may also enter such orders necessary to address the aforementioned questions.  The trial court's findings and any orders issued shall be included in a supplemental clerk's record to be filed with this Court by March 3, 2023.

All other appellate deadlines are suspended until further order of this Court.

It is so ordered.

Per Curiam

Do not publish.

---

[4] See TEX. PENAL CODE ANN. § 46.04(e).